## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

ABIGAIL COSLOW, as Personal
Representative of the Estate of
KANDY COSLOW, Deceased,

      Plaintiff,

Case No:  1:25-cv-10455
Hon. Thomas L. Ludington

v.

FOOTPRINT ACQUISITION, LLC, an
Illinois limited liability company, and
THE TRAVELERS INDEMNITY COMPANY
OF CONNECTICUT, a Connecticut
domiciled insurance company,

      Defendants.

_____/

## DEFENDANTS FOOTPRINT ACQUISITION, LLC AND THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT'S BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED R. CIV. P. (12)(b)(1) AND (6)

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................... ii

CONCISE STATEMENT OF THE ISSUE PRESENTED ................................ iv

CONTROLLING OR MOST APPROPRIATE AUTHORITY .........................v

FOR THE RELIEF SOUGHT..................................................................................v

INTRODUCTION....................................................................................................1

STATEMENT OF FACTS......................................................................................2

  A. The Underlying Action ....................................................................................2

STANDARD OF REVIEW .....................................................................................7

LAW AND ARGUMENT........................................................................................8

  A. Plaintiff's complaint must be dismissed because it is an improper
collateral attack on the state court's orders in the Underlying Action. ...........8

  B. This action should be dismissed because Plaintiff lacks standing. ...............14

    1. Direct actions are prohibited pursuant to Michigan law............................15

    2. Decedent Coslow has never been an insured under the Travelers Policy. 17

    3. The issue of insurance coverage is not ripe for review.............................21

RELIEF..................................................................................................................24

## TABLE OF AUTHORITIES

**Cases**

*Abbott v. Michigan*, 474 F.3d 324, 330-31 (6th Cir. 2007) ....................................10

*Adair v. State*, 470 Mich. 105 N.W.2d 386 (2004)...................................................10

*Admiral Ins. Co. v. Fire-Dex, LLC*, No. 22-3992, 2023 WL 3963623 (6th Cir. June 13, 2023) ...............................................................................................................22

*Allstate Vehicle & Prop. Ins. Co. v. Todaro*, 443 F. Supp. 3d 801 (E.D. Mich. 2020) .............................................................................................................................23

*Bergeron v. Busch*, 228 Mich. App. 618 618 N.W.2d 124 (1998)..................................9

*Bigelow v. Michigan Dep't of Nat. Res.*, 970 F.2d 154 (6th Cir. 1992) .................21

*Brunsell v. Zeeland*, 467 Mich. 293, 651 N.W.2d 388 (2002) ......................... 18, 20

*Celotex Corp. v. Edwards*, 514 U.S. 300 (1995) .....................................................14

*Citizens Ins. Co. v. Secura Ins.*, 279 Mich. App. 69, 755 N.W.2d 563 (2008) .......23

*Farm Bureau Ins. Co. v. TNT Equip., Inc.*, 328 Mich. App. 667; 939 N.W.2d 738 (2019) ..................................................................................................................20

*Fieger v. Michigan Supreme Ct.*, 553 F.3d 955 (6th Cir. 2009)..............................15

*Frankenmuth Mut. Ins. Co. v. Cont'l Ins. Co.*, 450 Mich. 429; 537 N.W.2d 879 (1995) ..................................................................................................................23

*Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320 (6th Cir. 2007) ......7, 8

*GM Sign, Inc. v. Auto-Owners Ins. Co.*, No. 301742, 2012 WL 4840592 (Mich. Ct. App. Oct. 11, 2012)..............................................................................................16

*Golden v. Gorno Bros., Inc.*, 410 F.3d 879 (6th Cir. 2005) .....................................8

*Greenlees v. Owen Ames Kimball Co.*, 340 Mich. 670, 66 N.W.2d 227 (1954).....21

*Harbinger Capital Partners LLC v. Ergen*, 103 F. Supp. 3d 1251, 1265 (D. Colo. 2015) ....................................................................................................................9

*Kammer Asphalt Paving Co., Inc. v. East China Township Schools*, 443 Mich. 176; 504 N.W.2d 635 (1993) ................................................................................ 18, 20

*Koenig v. South Haven*, 460 Mich. 667, 597 N.W.2d 99 (1999)...................... 18, 20

*Michigan S. R.R. Co. v. Branch & St. Joseph Ctys. Rail Users Ass'n., Inc.*, 287 F.3d 568 (6th Cir. 2002)...............................................................................................7

*Miller v. Meinhard-Commercial Corp.*, 462 F.2d 358, 360 (5th Cir. 1972) ...........9

*Monat v. State Farm Ins. Co*., 469 Mich. 679 N.W.2d 843 (2004)..........................12

*National Park Hospital Association v. Dep't of Interior*, 538 U.S. 803 (2003)......21

*Passmore v. Fid. Brokerage Servs., LLC*, No. 24-11757, 2025 WL 586665 (E.D. Mich. Feb. 24, 2025)............................................................................................15

*Pratt v. Ventas, Inc*., 365 F.3d 514, (6th Cir. 2004) ...................................................9

*Republic Bldg. Co., Inc. v. Charter Twp. of Clinton*, Michigan, 81 F.4th 662 (6th Cir. 2023) ............................................................................................. 7, 8, 9, 14

*Richards v. Tibaldi*, 272 Mich. App. 522 N.W.2d 770 (2006)................................10

*S. Macomb Disposal Auth. v. Am. Ins. Co*., 225 Mich. App. 635, 572 N.W.2d 686 (1997) ....................................................................................................................23

*Safety Specialty Ins. Co. v. Genesee Cnty. Bd. of Commissioners*, 53 F.4th 1014, 1020 (6th Cir. 2022).............................................................................................22

*Schmalfeldt v. N. Pointe Ins. Co*., 469 Mich. 422, 670 N.W.2d 651 (2003)...........18

*Scott v. State Farm Fire & Cas. Co*., No. CIV. 13-13287, 2014 WL 3054651 (E.D. Mich. July 7, 2014) ..............................................................................................16

*Spartan Mills v. Bank of Am. Ill*., 112 F.3d 1251 (4th Cir. 1997) ...........................13

*Stansell v. Foley*, No. 23-3908, 2024 WL 4730467 (6th Cir. Nov. 6, 2024) ............7

*Vidimos, Inc. v. Laser Lab Ltd*., 99 F.3d 217 (7th Cir. 1996) .................................15

*Wizinsky v. Leelanau Cnty*., No. 1:19-CV-894, 2020 WL 6597637, at *7 (W.D. Mich. Aug. 20, 2020), report and recommendation adopted, No. 1:19-CV-894, 2020 WL 5809998 (W.D. Mich. Sept. 30, 2020) …………………………………………..9

## Statutes

28 U.S.C. § 2201 ..................................................................................................5, 15

28 U.S.C. § 2202....................................................................................................... 5

M.C.L. § 500.3030........................................................................................... 15, 17

M.C.L. § 600.1405...................................................................................... 17, 18, 19

## Rules

Fed. R. Civ. P. 12 ......................................................................................................7

## CONCISE STATEMENT OF THE ISSUE PRESENTED

Should this Court dismiss this action in its entirety on the basis that (1) this lawsuit is an improper collateral attack on the Michigan state court's ruling in an underlying liability action; (2) Plaintiff lacks standing because this lawsuit is an improper direct action against Travelers and because Decedent Coslow has never been an insured or an intended third party beneficiary under the insurance policy issued by Travelers; and (3) Plaintiff lacks standing because the issue in this lawsuit is not ripe given that the primary insurance policy has not been exhausted and there has been no determination of liability in the underlying action?

Defendants' answer: Yes.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY
## FOR THE RELIEF SOUGHT

*Adair v. State*, 470 Mich. 105, 680 N.W.2d 386 (2004)

*Allstate Vehicle & Prop. Ins. Co. v. Todaro*, 443 F. Supp. 3d 801 (E.D. Mich. 2020)

*Bigelow v. Michigan Dep't of Nat. Res*., 970 F.2d 154 (6th Cir. 1992)

*Frankenmuth Mut. Ins. Co. v. Cont'l Ins. Co*., 450 Mich. 429, 537 N.W.2d 879 (1995)

M.C.L. § 500.3030

M.C.L § 600.1405

*Monat v. State Farm Ins. Co*., 469 Mich. 679, 677 N.W.2d 843 (2004)

*Passmore v. Fid. Brokerage Servs., LLC*, No. 24-11757, 2025 WL 586665 (E.D. Mich. Feb. 24, 2025)

*Republic Bldg. Co., Inc. v. Charter Twp. of Clinton, Michigan*, 81 F.4th 662 (6th Cir. 2023)

*Schmalfeldt v. N. Pointe Ins. Co*., 469 Mich. 422, 670 N.W.2d 651 (2003)

## **INTRODUCTION**

Dismissal of this declaratory judgment action brought by Plaintiff Abigail Coslow ("Plaintiff"), as Personal Representative of the Estate of Kandy Coslow, Deceased ("Decedent Coslow"), against Defendants Footprint Acquisition, LLC ("Footprint") and The Travelers Indemnity Company of Connecticut ("Travelers") (collectively, "Defendants"), is proper, just and necessary pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

First, this action, which seeks a declaration that coverage exists under an insurance policy issued by Travelers to Footprint and alleges factual claims directly against Footprint, is an improper collateral attack on the Michigan state court's ruling in an underlying liability lawsuit arising out of a fatal motor vehicle accident (the "Underlying Action"). In the Underlying Action, the state court twice denied Plaintiff's attempts to amend her complaint to add Footprint as a defendant and to include in the complaint allegations relating to defendant Terressa Carson's employment by Footprint. The state court ruled, among other things, that Plaintiff's efforts in this regard were time-barred—and when Plaintiff requested reconsideration of this ruling, the state court denied the request.

If Plaintiff believed the decisions in the Underlying Action were in error, her proper recourse was – and remains – the pursuit of appellate relief as outlined in the Michigan Court Rules. Plaintiff, however, opted for a different strategy, filing this

1

action in an effort to find a friendlier forum.  This attempt at an end-run around the state court rulings in the Underlying Action should not be countenanced by this Court.

Dismissal is also proper given Plaintiff's lack of standing as it relates to this action.  Plaintiff is not an insured or an intended third-party beneficiary under the Travelers Policy and as such, Plaintiff cannot pursue a direct action against Travelers.  Plaintiff also lacks standing because the issue of coverage under the Travelers Policy is not ripe for this Court's review.

As such, and as set forth more specifically herein, this action should be dismissed.

<u>**STATEMENT OF FACTS**</u>

**A. The Underlying Action**

The Complaint filed in the Underlying Action (the "Underlying Complaint") alleges that, on August 2, 2021, Terressa Carson ("Terressa") was operating a motor vehicle in Surrey Township, Michigan, when she was involved in a fatal motor vehicle accident with Decedent Coslow.  (ECF No. 1, Complaint, ¶¶ 11-12, PageID.3).[1]

On January 16, 2024, Plaintiff, the daughter of Decedent Coslow, sued Terressa and Terressa's husband Edwin Carson (as the owner of the motor vehicle

---

[1] Decedent Coslow sustained injuries on impact and died at the scene.

2

Terressa was driving; referred to herein together with Terressa as the "Carsons") for negligence in Clare County Circuit Court. *Coslow v. Carson*, Case No. 24-900009-NI ("Underlying Action") (ECF No. 1, Ex. D, Underlying Complaint, PageID.94-99). Auto-Owners Insurance Company ("Auto-Owners") is defending the Carsons in the Underlying Action under the Carsons' Personal Auto Policy. (Underlying Complaint, ¶¶ 13, 17-18 PageID.4-5). Importantly, Plaintiff did not name Footprint as a defendant in the Underlying Action, nor did Plaintiff allege in the Underlying Action any negligence arising out of Terressa's employment with Footprint. (Underlying Complaint, *passim*).

On August 29, 2024, more than three years after the August 2, 2021 accident and therefore well after the expiration of the statute of limitations (under M.C.L. 600.5805(2)), Plaintiff moved to amend the Underlying Complaint to add two elements: first, a factual allegation that, at the time of the accident, Terressa was in the course and scope of her employment with Footprint, and second, a claim of *respondeat superior* liability as to Footprint, which Plaintiff also sought to add as a defendant. (ECF No. 1, ¶20 PageID.5). Plaintiff argued that such amendment should be permitted because of Terressa's answers to requests for admissions and interrogatories. Plaintiff accused Terressa of allegedly "concealing" work-related information and argued that Footprint benefited from her alleged concealment. Plaintiff relied on this alleged "concealment" as the basis for her argument that the

3

Court should allow an extended statute of limitations pursuant to M.C.L. § 600.5855, which permits the statute of limitations to be extended when the basis for a claim is fraudulently concealed. (ECF No. 1, Complaint Ex. E, Motion to Amend, PageID.102-115). The Carsons and their counsel denied any allegation of fraudulent concealment, providing the state court with documentation evidencing that although Plaintiff had been provided with information identifying Footprint as Terressa's employer multiple times subsequent to the accident, the Underlying Action ultimately filed by Plaintiff reflected no cause of action as to Footprint or Terressa's employment.

On December 17, 2024, the state court denied Plaintiff's motion. The state court agreed with the Carsons that Plaintiff had received information identifying Footprint as Terressa's employer. The trial court ruled that due to this prior disclosure, Plaintiff knew or should have known of any potential negligence claim against Footprint, and therefore, the fraudulent concealment statute did not apply, and any potential claim against Footprint would be barred by the three-year statute of limitations in M.C.L. § 600.5805(2). (ECF No. 1, Ex. F, 12/17/24 State Court Opinion, PageID.117-122).

Plaintiff then moved for reconsideration on the ground that the state court opinion and order only addressed Plaintiff's request for leave to add a new party to the Underlying Action, but did not discuss her request "to modify the allegations to

4

include that [Terressa] was in the course and scope of her employment." Plaintiff contended that if this claim were to be added to the litigation, Terressa would not be prejudiced, because discovery remained open and the nature of the claims against her would remain the same. (Motion for Reconsideration, attached hereto as **Ex. 1**).

On January 6, 2025, the state court entered an order denying the motion for reconsideration. The court acknowledged that its prior analysis did not address the aspect of Plaintiff's motion to amend that sought to add allegations regarding whether Terressa was in the course and scope of employment at the time of the automobile accident. The court stated, however, that the reason why Terressa was driving was immaterial to the negligence claim as asserted by Plaintiff against Terressa, and thus Plaintiff had not presented a legally sufficient reason for adding the allegations against Terressa. (Order Denying Reconsideration, attached hereto as **Ex. 2**).

Having failed both in her effort to bring Footprint into the Underlying Action, and to include "course and scope" allegations as to Terressa in the Underlying Action, Plaintiff filed this action in this Court under 28 U.S.C. §§ 2201-2202. Plaintiff's Complaint against Footprint and its auto liability insurance carrier, Travelers, ostensibly seeks a declaratory judgment as to the rights and obligations of the parties under the Commercial Auto Insurance Policy No. BA-1L568476-20-43-G, effective December 31, 2020 to December 31, 2021, issued by Travelers to named

insured Footprint Acquisition LLC ("the Policy" or "the Travelers Policy") (ECF No. 1, Complaint Ex. A, Travelers Policy).  In this action, Plaintiff asserts in her Complaint ("the Complaint") that Travelers and Footprint "have refused to participate in the mediation, defense, and indemnity of the Underlying Action because of their misapprehension that [Footprint] must be a named party, or alternatively, there must be an express allegation that [Terressa] was operating her automobile in the course and scope of her employment, for the Policy to respond and defend and indemnify [Terressa]" for any liability arising out of the accident.  (ECF No. 1, Complaint, ¶ 22 PageID.5).

Plaintiff further asserts in this action that the 2010 Chrysler minivan owned by Edwin Carson, which Terressa was operating at the time of the accident, was a "covered auto" under the Travelers Policy.  (ECF No. 1, Complaint, ¶ 26 PageID.6). Plaintiff also asserts that at the time of the accident, Terressa was an employee of Footprint and was operating the minivan "in the business and personal affairs" of Footprint.  (ECF No. 1, Complaint, ¶¶ 28-29 PageID.11).  Plaintiff thus concludes that the Carsons "were 'insureds' under Defendant Travelers business auto liability policy coverage in the Policy".  (*Id*., ¶ 30 PageID.11).  Plaintiff further concludes that Travelers owes both defense and indemnity to the Carsons for damages associated with the Underlying Action.  (*Id*., ¶ 33 PageID.11).

60597002.1

## STANDARD OF REVIEW

Dismissal of a collateral attack is in the nature of *res judicata*. *Republic Bldg. Co., Inc. v. Charter Twp. of Clinton, Michigan*, 81 F.4th 662, 666–67 (6th Cir. 2023). "A dismissal based on res judicata principles would be a dismissal under Rule 12(b)(6), for failure to state a claim upon which relief could be granted." *Stansell v. Foley*, No. 23-3908, 2024 WL 4730467, at \*1 (6th Cir. Nov. 6, 2024) (**Ex. 3**).

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) is appropriate where the court lacks subject matter jurisdiction over the plaintiff's claim. Fed. R. Civ. P. 12(b)(1). "Where subject matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Michigan S. R.R. Co. v. Branch & St. Joseph Ctys. Rail Users Ass'n., Inc*., 287 F.3d 568, 573 (6th Cir. 2002). The Court must construe the complaint in the light most favorable to the plaintiff; "however, the Court need not presume the truth of factual allegations pertaining to [its] jurisdiction to hear the case." *Cooperrider v. Woods*, 127 F.4th 1019, 1027 (6th Cir. 2025) (citation and quotation marks omitted).

A motion under Rule 12(b)(1) may be brought as either a facial attack or a factual attack. *Gentek Bldg. Prods. v. Sherwin-Williams Co*., 491 F.3d 320, 330 (6th Cir. 2007) (citation omitted). "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading. When reviewing a facial attack, a district court takes the allegations in the complaint as

7

true, which is a similar safeguard employed under 12(b)(6) motions to dismiss.  If those allegations establish federal claims, jurisdiction exists." *Id.* (citation omitted). On the other hand, "[w]hen a Rule 12(b)(1) motion attacks the factual basis for jurisdiction, the district court must weigh the evidence and the plaintiff has the burden of proving that the court has jurisdiction over the subject matter." *Golden v. Gorno Bros., Inc*., 410 F.3d 879, 881 (6th Cir. 2005).

## LAW AND ARGUMENT

### A. Plaintiff's complaint must be dismissed because it is an improper collateral attack on the state court's orders in the Underlying Action.

Plaintiff's Complaint is the quintessential example of an impermissible collateral attack and must be dismissed as a matter of law.  The state court expressly rejected twice Plaintiff's attempt to assert claims that were time-barred, both as to the putative claim against Footprint and the attempt to allege that Terressa was acting in the course and scope of her employment.  Rather than pursuing her appellate rights under the Michigan Court Rules, Plaintiff filed this action—relabeling it as a "coverage" proceeding—in a blatant attempt to undermine the state court's orders. This is exactly the type of "two bites at the apple" that collateral attack preclusion is intended to thwart.  Dismissal of this action is warranted as a matter of law.

The Sixth Circuit recently explained that "[a] collateral attack is an attack on a judgment in a proceeding other than on a direct appeal." *Republic Bldg. Co., Inc. v. Charter Twp. of Clinton*, Michigan, 81 F.4th 662, 666 (6th Cir. 2023) (citation

8

and punctuation omitted).  Such an attack "seeks to circumvent an earlier ruling of one court by filing a subsequent action in another court."  *Pratt v. Ventas, Inc*., 365 F.3d 514, 519 (6th Cir. 2004).  Thus, "collateral attacks exist where," as in this case, "the relief sought would, in some way, overrule another court's ruling."  *Republic Bldg. Co*., 81 F.4th at 666.[2]

The Sixth Circuit has instructed that "dismissal of a collateral attack is more in the nature of res judicata" and thus a court should consider "the rules of res judicata in the forum that decided the first case" when determining whether an action amounts to an impermissible collateral attack.  *Republic Bldg. Co*., 81 F.4th at 667 (citations omitted; emphasis added).  Under Michigan law, "[t]he doctrine [of res judicata] serves a two-fold purpose: to ensure the finality of judgments and to prevent repetitive litigation."  *Bergeron v. Busch*, 228 Mich. App. 618, 621, 579 N.W.2d 124 (1998).  "The law abhors multiplicity of suits.  Attempts to split a claim into separate causes of action have often met with disfavor."  *Id* at 621 n. 1.

Michigan law, in turn, recognizes two preclusion doctrines: *res judicata*, or

---

[2] This is true even though the Underlying Action involves liability, whereas this action is put forward under the guise of an insurance coverage issue.  See *Harbinger Capital Partners LLC v. Ergen*, 103 F. Supp. 3d 1251, 1265 (D. Colo. 2015) (quoting *Miller v. Meinhard-Commercial Corp*., 462 F.2d 358, 360 (5th Cir. 1972)) ("[E]ven though an action has an independent purpose and contemplates some other relief, it is a collateral attack if it must in some fashion overrule a previous judgment."); *Wizinsky v. Leelanau Cnty*., No. 1:19-CV-894, 2020 WL 6597637, at \*7 (W.D. Mich. Aug. 20, 2020), report and recommendation adopted, No. 1:19-CV-894, 2020 WL 5809998 (W.D. Mich. Sept. 30, 2020) (same) (**Ex. 4**).

9

claim preclusion; and collateral estoppel, or issue preclusion. *Abbott v. Michigan*, 474 F.3d 324, 330-31 (6th Cir. 2007). The principles underlying each doctrine act to bar Plaintiff from bringing this action.

Specifically, as to *res judicata*, this doctrine bars a second, subsequent action when (1) the prior action was decided on the merits and resulted in a final order[3], (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first action. *Adair v. State*, 470 Mich. 105, 121, 680 N.W.2d 386 (2004); *Richards v. Tibaldi*, 272 Mich. App. 522, 531, 726 N.W.2d 770 (2006). Importantly, the *Adair* Court ruled that res judicata should be applied broadly as a doctrine, holding that "…it bars not only claims already litigated, but ***every claim arising from the same transaction*** that the parties, ***exercising reasonable diligence***, could have raised but did not." *Adair*, 470 Mich. at 121 (emphasis added).

Here, the Underlying Action as filed and as it still stands involves only Plaintiff and the Carsons. Plaintiff tried to add Footprint as a party to the Underlying Action via the Motion to Amend, but she filed her Motion well after the statute of limitations had run, and the state court rejected the Motion as untimely, holding that "Plaintiff was aware of the [negligence] claim [against Footprint] and should have

---

[3] As discussed below, Plaintiff's failure to challenge the state court ruling on an interlocutory basis or wait for a final appealable order underscores the impropriety of this collateral attack and mandates its dismissal.

timely brought it before the expiration of the limitations period against an adverse party." (ECF No. 1, Complaint Ex. F, Motion to Amend, PageID.121). Accordingly, the claims against Footprint arising out of the accident could have been raised in the Underlying Action, but due solely to Plaintiff's lack of diligence, were not. Under Michigan law, Plaintiff would be barred by *res judicata* from bringing a second action against Footprint. *Adair*, 470 Mich. at 121. Accordingly, Plaintiff should be prohibited from collaterally attacking this ruling by filing an otherwise time-barred suit against Footprint in federal court.

The state court in the Underlying Action also denied Plaintiff's attempt to litigate the issue of whether Terressa was acting in the course and scope of her employment for Footprint, which issue the state court found irrelevant to Plaintiff's claim of negligence as to Terressa. The Michigan Court of Appeals has explained:

Collateral estoppel bars relitigation of an issue in a new action arising between the same parties or their privies when the earlier proceeding resulted in a valid final judgment and the issue in question was actually and necessarily determined in that prior proceeding. Unlike res judicata, which precludes relitigation of claims, collateral estoppel prevents relitigation of issues ….

*Allen Park Retirees Ass'n, Inc. v. City of Allen Park*, 329 Mich. App. 430, 444–45, 942 N.W.2d 618 (2019).

In this action, Plaintiff is trying to relitigate both the (alleged) claim and the (alleged) issues relating to Footprint and Terressa's employment. (See ECF No. 1, Complaint, ¶¶ 20, 22, 29-30 PageID.5-6, 11). The state court in the Underlying

11

60597002.1

Action expressly rejected Plaintiff's attempts to allow Plaintiff to add to the Underlying Action any claim against Footprint or any allegations relating to Terressa's work for Footprint. Plaintiff, by filing this action, asks this Court to ignore the state court's prior determination and give her another chance to pursue barred claims. Although Plaintiff has pled this action as a "coverage" matter, the relief that she is seeking is effectively the same relief she requested and was denied in the Underlying Action. Collateral estoppel is designed specifically to preclude plaintiffs from trying to take more bites of the proverbial liability apple than they are allowed by law. Moreover, Michigan permits the defensive use of collateral estoppel, thus negating the need for privity and mutuality.[4] See *Monat v. State Farm Ins. Co.*, 469 Mich. 679, 688, 677 N.W.2d 843 (2004) (citation omitted) ("[I]t would be unjust to permit one who has had his day in court to reopen identical issues...."). Plaintiff therefore is collaterally estopped from litigating via this action an issue that was already addressed and rejected by the state court in the Underlying Action—and that Plaintiff chose not to try to appeal.

As to the issue of Plaintiff's failure to appeal an order with which she disagreed, "[d]eclining to entertain collateral attacks promotes judicial efficiency and order." *Republic Bldg. Co.*, 81 F.4th at 666. Rather than file this action in this

---

[4] This is directly on point in this action, where neither named defendant is a party to the Underlying Action.

Court under the guise of coverage, Plaintiff's proper course of action is to appeal the unfavorable order:

> The judicial system's need for order and finality requires that orders of courts having jurisdiction to enter them *be obeyed until reversed*, even if proper grounds exist to challenge them. *A challenge for error may be directed to the ordering court or a higher court*, as rules provide, but it may not be made collaterally unless it is based on the original court's lack of jurisdiction. These principles are firm and long standing.

*Id*. at 666-67, quoting *Spartan Mills v. Bank of Am. Ill*., 112 F.3d 1251, 1255 (4th Cir. 1997).

Under the Michigan Court Rules, Plaintiff could have challenged, and still can challenge, through an interlocutory appeal, the state court's rulings as to amending the complaint to add Footprint as a defendant in the Underlying Action and to include allegations regarding whether Terressa was acting in the course and scope of her employment.[5]  See Mich. Ct. R. 7.203(B)(1) (the Court of Appeals has jurisdiction to grant leave to appeal from "a judgment or order of the circuit court and court of claims that is not a final judgment appealable of right"); Mich. Ct. R. 7.205(A)(1)(a) (an application for leave to appeal must be filed within "21 days after entry of the judgment or order to be appealed from or within other time as allowed by law or rule"); Mich. Ct. R. 7.205(A)(4)(a) ("For appeals governed by subrule

---

[5] This Court should also consider that Plaintiff has the right to appeal a final order and all interlocutory adverse orders at the conclusion of the Underlying Action. Again, however, Plaintiff is seeking to circumvent state court procedure by filing a declaratory judgment action in this Court.

13

(A)(1), when an application is not filed within the time provided by that subrule, a delayed application for leave to appeal may be filed within 6 months of the entry of a judgment or order described in that subrule.").

But rather than follow state court procedure, Plaintiff chose to collaterally attack the state court's ruling as to any claim against Footprint through this action. Plaintiff's course of action is impermissible. "A challenge for error may be directed to the ordering court or a higher court, as rules provide, but it may not be made collaterally …" *Republic Bldg. Co*., 81 F.4th at 666-67.  See also *Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995) (internal quotation marks and brackets omitted) ("We have made clear that it is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected.").  This action should, therefore, be dismissed.

### B. This action should be dismissed because Plaintiff lacks standing.

A further reason why this action is improperly filed and should be dismissed is because the Plaintiff who filed this action does not have the standing to bring it.

As this Court is aware, there is no subject matter jurisdiction where the plaintiff before the Court lacks the necessary standing:

> Article III of the United States Constitution does not extend the "judicial power" to any legal question, wherever and however presented, but only to those legal questions presented in "Cases and Controversies.  In recognition of the Constitution's limit on judicial

14

authority, the Declaratory Judgment Act, 28 U.S.C. § 2201(a), permits a court to enter declaratory relief only "[i]n a case of actual controversy...." Article III' s "case and controversy" requirement is not satisfied, and a court therefore has no jurisdiction, when the claimant lacks standing, that is, a sufficiently concrete and redressable interest in the dispute. Thus, standing is the threshold question in every federal case.

*Fieger v. Michigan Supreme Ct*., 553 F.3d 955, 961 (6th Cir. 2009) (citations and punctuation omitted).

As discussed more fully below, Plaintiff lacks standing to bring this action against Travelers because direct actions against insurers are prohibited under Michigan law, and Decedent Coslow is not otherwise an insured under the Travelers Policy. Additionally, and regardless, the issue of insurance coverage is not yet ripe for consideration by this Court.

### 1.   Direct actions are prohibited pursuant to Michigan law.

Under Michigan law, a stranger to an insurance policy cannot bring a direct action against the insurer. This proposition has been codified by the Michigan Legislature as follows: "In the original action brought by the injured person...the insurer shall not be made or joined as a party defendant...." M.C.L. § 500.3030. See also *Passmore v. Fid. Brokerage Servs., LLC*, No. 24-11757, 2025 WL 586665, at *6 (E.D. Mich. Feb. 24, 2025) ("Under Michigan law, direct actions against an insurer for the torts of its insured are prohibited.") (**Ex. 5**); *Vidimos, Inc. v. Laser Lab Ltd*., 99 F.3d 217, 221 (7th Cir. 1996) ("[E]xcept in direct action states, of which

15

Michigan is not one, ... a contract of liability insurance is not enforceable by the victim of the insured's tort under a third party beneficiary theory."); *GM Sign, Inc. v. Auto-Owners Ins. Co*., No. 301742, 2012 WL 4840592, at \*11 (Mich. Ct. App. Oct. 11, 2012) (Boonstra, J., concurring) ("[T]he case law in Michigan thus does not currently afford an injured party a 'vested' right to bring a direct claim for declaratory relief….") (**Ex. 6**).  Clearly then, Plaintiff is prohibited from bringing this action against Travelers and it must be dismissed.

It is true that some courts have limited this prohibition on direct actions to circumstances where a claimant attempts to name the insurer as a defendant in an existing tort action.  See *Scott v. State Farm Fire & Cas. Co*., No. CIV. 13-13287, 2014 WL 3054651, \*6 (E.D. Mich. July 7, 2014) (**Ex. 7**).  But while this action is packaged as an "insurance coverage" suit against Travelers, Plaintiff has named Footprint as a defendant and asserts against Footprint factual – liability-based – allegations, just as it unsuccessfully tried to do in state court.  As discussed, this action includes allegations regarding whether Footprint's employee, Terressa, was acting in the course and scope of employment at the time of the accident.  (ECF No. 1, Complaint, ¶¶ 20, 22, 29 PageID.5-6, 11).  These allegations—which again, the state court refused to allow as part of the Underlying Action when Plaintiff tried to shoehorn them in via the Motion to Amend—concern allegations of both vicarious liability and direct negligence against Footprint.  Through this action, Plaintiff is

seeking to circumvent M.C.L. § 500.3030 by suing Travelers while also naming

Footprint as a defendant and including allegations regarding Footprint's liability.

Plaintiff's Complaint must, therefore, be dismissed.

### 2. Decedent Coslow has never been an insured under the Travelers Policy.

Plaintiff further lacks standing for the additional reason that Decedent Coslow

was not and is not an insured in any capacity under the Travelers Policy, and thus

has no right to enforce the contract via this action.

Plaintiff does not allege, nor is it true, that Decedent Coslow is a named

insured or an additional insured by name, definition, endorsement or otherwise under

the Travelers Policy.  The Named Insured under the Travelers Policy is "Footprint

Acquisition LLC."  (ECF No. 1, Complaint Ex. A, Travelers Policy, PageID.15).

The Travelers Policy does not contain an endorsement adding Decedent Coslow as

an additional insured.  Indeed, the name "Kandy Coslow" does not appear anywhere

in the Travelers Policy.  (*Id*., PageID.15-77).

Further, Plaintiff is not an intended third-party beneficiary of the Policy.

Specifically, M.C.L § 600.1405 states in part:

> Any person for whose benefit a promise is made by way of contract, as
> hereinafter defined, has the same right to enforce said promise that he
> would have had if the said promise had been made directly to him as
> the promisee.
>
> (1)  A promise shall be construed to have been made for the benefit of
> a person whenever the promisor of said promise has undertaken to give

or do or refrain from doing something directly to or for said person.

"The plain language of this statute reflects that not every person incidentally benefitted by a contractual promise has a right to sue for breach of that promise. Thus, only intended, not incidental, third-party beneficiaries may sue for a breach of a contractual promise in their favor." *Schmalfeldt v. N. Pointe Ins. Co*., 469 Mich. 422, 427, 670 N.W.2d 651 (2003) (citing *Brunsell v. Zeeland*, 467 Mich. 293, 296, 651 N.W.2d 388 (2002)).

Additionally, by using the term "directly," "the Legislature intended to assure that contracting parties are clearly aware that the scope of their contractual undertakings encompasses a third party, directly referred to in the contract, before the third party is able to enforce the contract." *Schmalfeldt*, 469 Mich. at 428. Thus, a person qualifies as an intended third-party beneficiary of a contract only when that contract establishes that a promisor has "undertaken to give or to do or refrain from doing something directly to or for said person." M.C.L. § 600.1405(1); *Brunsell*, 467 Mich. at 297 (adopting the statutory analysis in *Koenig v. South Haven*, 460 Mich. 667, 677, 597 N.W.2d 99 (1999). Simply put, a stranger to an insurance policy cannot bring a direct action against the insurer.

A court must objectively determine "from the form and meaning of the contract itself" whether a party is a third-party beneficiary. *Kammer Asphalt Paving Co., Inc. v. East China Township Schools*, 443 Mich. 176, 189, 504 N.W.2d 635

(1993).  For example, in *Schmalfeldt*, a bar patron who allegedly suffered dental injuries during a bar fight, sued the bar's insurance company, alleging that he was entitled to benefits under the bar's insurance policy as a third-party beneficiary.  In determining whether plaintiff was an intended third-party beneficiary, the plaintiff noted that the focus of the inquiry should be whether the insurer, "by its agreement … had undertaken to give or to do or refrain from doing something directly to or for [the plaintiff] pursuant to the third-party beneficiary statute...."  *Schmalfeldt*, 469 Mich. at 429.

The insurance policy at issue in *Schmalfeldt* did not contain a promise to directly benefit the plaintiff within the meaning of MCL § 600.1405.  Further, nothing in the insurance policy specifically designated the plaintiff or the class of business patrons of the insured as an intended third-party beneficiary.  *Id*. at 429. Accordingly, the Court held "[t]his agreement is between contracting parties, and [the plaintiff] is only an incidental beneficiary without a right to sue for contract benefits." *Id*.

The same result follows here.  Just as in *Schmalfeldt*, Decedent Coslow is not a party to the Travelers Policy and the Travelers Policy does not contain a promise to directly benefit Decedent Coslow within the meaning of M.C.L. § 600.1405. Again, Decedent Coslow is not directly referred to in the contract.  In addition, just like *Schmalfeldt*, nothing in the Travelers Policy specifically designates Decedent

60597002.1

Coslow as an intended third-party beneficiary.  There is no basis to conclude that

Footprint was acting to protect parties other than itself in contracting with Travelers

for insurance coverage.  Thus, Decedent Coslow is not an intended third-party

beneficiary of the Travelers Policy.  See also *Kammer*, 443 Mich. at 189

(subcontractor was not an intended third-party beneficiary of contract between

school district and general contractor); *Koenig*, 460 Mich. at 677 (plaintiffs'

daughter was not an intended third-party beneficiary of a Memorandum of

Understanding with the United States Army Corps of Engineers, and therefore,

plaintiffs could not establish a breach of contract claim as a matter of law); *Brunsell*,

467 Mich. at 296 (pedestrian, who was injured by a sidewalk defect, was not an

intended third-party beneficiary of a lease agreement between the city and property

owner); *Farm Bureau Ins. Co. v. TNT Equip., Inc*., 328 Mich. App. 667, 673, 939

N.W.2d 738 (2019) ("As in *Schmalfeldt*, plaintiffs' insureds were, at best, members

of a broad class whom the policy recognized as, in certain circumstances, potential

recipients of incidental benefits from the policy.  Accordingly, plaintiffs' insureds

were incidental beneficiaries only, not qualifying for third-party status under MCL

600.1405.  Plaintiffs therefore have no right to seek to enforce the policy.").

In fact, Decedent Coslow is at best an incidental beneficiary.  The Michigan

Supreme Court explained the status of an incidental beneficiary as follows:

> An incidental beneficiary has no rights under the contract.  A third
> person cannot maintain an action upon a simple contract merely

because he would receive a benefit from its performance or because he is injured by the breach thereof. Where the contract is primarily for the benefit of the parties hereto, the mere fact that a third person would be incidentally benefited does not give him a right to sue for its breach.

*Greenlees v. Owen Ames Kimball Co*., 340 Mich. 670, 677, 66 N.W.2d 227 (1954).

Accordingly, Decedent Coslow has no rights under the Travelers Policy and as such, Plaintiff lacks standing to bring this action, which should be dismissed as a matter of law.

### 3.   The issue of insurance coverage is not ripe for review.

This action also must be dismissed for the simple reason that insurance coverage is unripe for review at this time. For there to be a case and controversy, an issue must be ripe. *Bigelow v. Michigan Dep't of Nat. Res*., 970 F.2d 154, 157 (6th Cir. 1992). "Ripeness is more than a mere procedural question; it is determinative of jurisdiction. If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed." *Id*. The Supreme Court has instructed that "[r]ipeness is a justiciability doctrine designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements …." *National Park Hospital Association v. Dep't of Interior*, 538 U.S. 803, 807 (2003) (citations and quotation marks omitted). Thus, "[a]s is always true in federal litigation, the plaintiff in a declaratory judgment suit must satisfy the traditional elements of a federal action. That includes demonstrating that a live case or controversy exists." *Admiral Ins. Co. v. Fire-Dex, LLC*, No. 22-3992, 2023 WL

21

3963623, at \*2 (6th Cir. June 13, 2023) (**Ex. 8**).  "Article III's case-or-controversy requirement allows federal courts to resolve concrete disputes but prohibits them from passing judgments on theoretical disputes that may or may not materialize." *Safety Specialty Ins. Co. v. Genesee Cnty. Bd. of Commissioners*, 53 F.4th 1014, 1020 (6th Cir. 2022).

Plaintiff seeks a declaration that Travelers "must defend and indemnify" the Carsons in the Underlying Action.  But even if the Carsons were considered "insureds" under the Travelers Policy for purposes of the Underlying Action (which neither Carson has asserted and which Travelers does not concede), Travelers has no present duty to defend or to indemnify them, and therefore, the issue of whether there is insurance coverage under the Travelers Policy is not ripe for this Court to review.

First, with respect to the duty to defend, the Travelers Policy states in relevant part: "For any covered 'auto' you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance …."  (ECF No. 1, Complaint Ex. A, Travelers Policy, PageID.37).  Accordingly, given that Footprint does not own the vehicle Terressa was driving at the time of the accident (ECF No. 1, Complaint Ex. B, Accident Report, PageID.79), insurance coverage under the Travelers Policy is "excess over any other collectible insurance".

Plaintiff explicitly admits that Auto-Owners is defending the Carsons "in the

Underlying Action under its Personal Auto Policy, No. 47-343-864-00, and Claim

No. 300-0401700-2021." (ECF No. 1, Complaint, ¶ 13 PageID.4). Plaintiff further

asserts that "Auto-Owners personal automobile liability limits of $510,000 [are]

primary" over the Travelers Policy. (*Id*., ¶ 16 PageID.4). Therefore, even if the

Carsons were to assert a claim for coverage under the Travelers Policy and even if

they were considered "insureds" for purposes of the Travelers Policy—neither of

which, again, Travelers concedes—Travelers would have no obligation to defend

them until the Auto-Owners Policy is exhausted, which has not yet occurred. See

*Frankenmuth Mut. Ins. Co. v. Cont'l Ins. Co*., 450 Mich. 429, 439, 537 N.W.2d 879

(1995) (Under the subject policy's "other insurance" clause, Frankenmuth's "duty

to defendant is analogous to a 'true' excess insurer and, therefore, Frankenmuth

should not be liable for defense costs until Continental is excused under the terms of

its policy.").

As to the issue of potential indemnification, it is well-settled under Michigan

law that "[t]he duty to indemnify … arises only when the third-party's allegations

have been proven or when, after factual development, the parties decide to settle the

claims rather than test their veracity in court." *Allstate Vehicle & Prop. Ins. Co. v.

Todaro*, 443 F. Supp. 3d 801, 808 (E.D. Mich. 2020). See also *S. Macomb Disposal

Auth. v. Am. Ins. Co*., 225 Mich. App. 635, 692, 572 N.W.2d 686 (1997) ("An insurer

is not obligated to indemnify or pay damages to another until one's liability for the

23

injury has been established.") (citation and quotation marks omitted).

Here, there has been no finding of liability or damages against the Carsons in the Underlying Action, let alone a finding of liability or a settlement in excess of the policy limits of the Auto-Owners Policy. Accordingly, the issue of insurance coverage under the Travelers Policy is not ripe and this Court lacks jurisdiction over this action. It should be dismissed.

## RELIEF

WHEREFORE, for all the above-stated reasons, Defendants respectfully request that the Court enter an order granting this Motion and dismissing Plaintiff's Complaint in its entirety, with prejudice, and grant such other relief that this Court deems appropriate, just, and equitable, including costs and attorney fees.

Respectfully submitted,

*s/ Charles W. Browning*_____
Charles W. Browning (P32978)
Stephanie M. Brochert (P81710)
PLUNKETT COONEY
38505 Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304
(248) 901-4000
cbrowning@plunkettcooney.com
sbrochert@plunkettcooney.com

*Attorneys for Defendants*
*Footprint Acquisition, LLC and*
*The Travelers Indemnity Company of*
*Connecticut*

Dated:  April 18, 2025

24

## CERTIFICATE OF SERVICE

I do hereby certify that on April 18, 2025, I electronically filed the foregoing
Motion and Brief in Support and this Certificate of Service with the Clerk of the
Court using the electronic court filing system, which will send notification of such
filing to all Counsel of Record.

*/s/ Charles W. Browning*
Charles W. Browning (P32978)
PLUNKETT COONEY

60597002.1