# Exhibit 2

# STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF CLARE

| | |
|---|---|
| ABIGAIL COSLOW, as Personal Representative of the ESTATE OF KANDY COSLOW,<br><br>   *Plaintiff*,<br>v<br><br>TERRESSA CARSON and EDWIN CARSON,<br><br>   *Defendants*. | File No.: 24-900009-NI<br>Hon. Tara S. Hovey |

| | |
|---|---|
| Alexander L. Waldman (P80946)<br>The Sam Bernstein Law Firm<br>Attorneys for Plaintiff<br>31731 Northwestern Hwy., Ste 333<br>Farmington Hills, MI 48334<br>Telephone: (248) 538-5929<br>awaldman@sambernstein.com | Sean M. Freel (P81158)<br>John M. Freel (P46217)<br>Freel P.C.<br>Attorneys for Defendants<br>540 W. Lake St., Suite 2<br>Tawas City, MI 48763<br>Telephone: (989-362-3444)<br>sean@freelpc.com<br>john@freelpc.com |

## OPINION AND ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION

At a session of said Court held in the courthouse in the City of Harrison, County of Clare, State of Michigan on the _6_ day of January 2025.

Present: Honorable Tara S. Hovey
     Circuit Judge

### I. Introduction

Previously in this case, Plaintiff moved to amend the complaint. Plaintiff's motion sought to add a party defendant (Defendant Terressa Carson's employer) and add an allegation that Defendant Terressa Carson ("Carson") was in the course of employment at the time of the automobile accident. This Court denied the motion. However, the Court's analysis of the motion omitted the portion of the motion (see motion to amend, ¶ 4) that sought to add



TARA S. HOVEY
55TH CIRCUIT COURT JUDGE

401 WEST CEDAR AVENUE
GLADWIN, MI 48624-2052
TELEPHONE: (989) 426-9237
FAX: (989) 426-4493



that Defendant Carson was in the course/scope of her employment at the time of the automobile accident.

The Court has reviewed the motion. For the reasons below, the motion is denied.

### II. Court Rule

MCR 2.119(F) states:

(1) Unless another rule provides a different procedure for reconsideration of a decision (see, e.g., MCR 2.604[A], 2.612), a motion for rehearing or reconsideration of the decision on a motion must be served and filed not later than 21 days after entry of an order deciding the motion.

(2) No response to the motion may be filed, and there is no oral argument, unless the court otherwise directs.

(3) Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.

### III. Discussion

Plaintiff's reconsideration motion will be denied because the original motion and the reconsideration motion fail to show that a different disposition must result from the correction of the error of omission.

The previous opinion and order is reaffirmed and reincorporated herein by reference.

In addition to the substance of the previous analysis, the Court would deny Plaintiff's motion to amend the complaint based on her claimed and added allegation that Defendant Carson was driving in the course/scope of employment.

"[A] party may amend a pleading only by leave of the court or by written consent of the adverse party. Leave shall be freely given when justice so requires." MCR 2.118(A)(2). "Leave to amend is generally a matter of right and should ordinarily be denied only for particularized reasons, including undue delay, bad faith, dilatory motive, or futility. *Green v Pontiac Pub Library*, ___ Mich App ___ (2024) (2024 WL 994950, at *3; citation omitted). "An amendment is futile when (1) ignoring the substantive merits of the claim, it is legally insufficient on its face, (2) the amendment merely restates an allegation already stated, or (3) the court lacks jurisdiction over the added claim." *Id.* (citation omitted).



Plaintiff's motion is, again, futile.

Plaintiff's complaint of negligence is based on the allegations that Defendant Carson was driving and driving in manner that caused an accident. *Why* she was driving—whether in the course/scope of employment or not—does not change any of the negligence claim against her. Plaintiff is not seeking to add any new claim. And, again, Plaintiff cannot use this allegation to add another party because the first underlying opinion and order denied that motion.[1] Plaintiff has not presented a legally sufficient reason for adding this allegation against Defendant Carson.

Further, this proposed amendment merely restates an allegation already stated. The amended allegation is that Defendant Carson was driving, albeit now known for a certain purpose. The driving allegation was known from the original complaint.

## IV. Conclusion

For the reasons stated above, Plaintiff's motion for reconsideration is denied.

*It is so ordered.*

This is not a final order, and it does not close the case.

Dated: 1/6/2025

TARA S. HOVEY (P54258)
Circuit Judge

---

[1] Plaintiff is not seeking reconsideration of that part of the opinion and order.



3

| | | | JIS Code: POM |
|---|---|---|---|
| **STATE OF MICHIGAN** <br> **JUDICIAL DISTRICT** <br> 55th **JUDICIAL CIRCUIT** <br> CLARE **COUNTY** | | **PROOF OF MAILING** | **CASE NO. and JUDGE** <br> 24-900009-NI |

Court address
225 W. MAIN, HARRISON, MI 48625

Court telephone no.
(989) 539-7131

| Plaintiff's name, address, and telephone no. | | Defendant's name, address, and telephone no. |
|---|---|---|
| ABIGAIL COSLOW, as Personal Representative of the ESTATE OF KANDY COSLOW | v | TERRESSA CARSON and EDWIN CARSON |

| Plaintiff's attorney, bar no., address, and telephone no. | Defendant's attorney, bar no., address, and telephone no. |
|---|---|
| Alexander L. Waldman (P80946) <br> 31731 Northwestern Hwy., Ste. 333 <br> Farmington Hills, MI 48334 <br> (248) 538-5929 | Sean M. Freel (P81158) <br> 540 W. Lake St., Ste. 2 <br> Tawas City, MI 48763 <br> (989) 362-3444 |

In the matter of _____

On the date below I sent by first-class mail a copy of _____
Opinion and Order on Plaintiff's Motion for Reconsideration

to: List names and addresses.

Alexander L. Waldman (P80946)
31731 Northwestern Hwy., Ste. 333
Farmington Hills, MI 48334
(248) 538-5929

Sean M. Freel (P81158)
540 W. Lake St., Ste. 2
Tawas City, MI 48763
(989) 362-3444

I declare under the penalties of perjury that this proof of mailing has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

Date: 1/6/2025

Signature: [signed]
Name (type or print): ANGELA S. CULLEN

Approved, SCAO
Form MC 302, Rev. 3/21
MCR 2.107(C)(3),(D)
Page 1 of 1

SRA