UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ABIGAIL COSLOW, as Personal
Representative of the Estate of KANDY
COSLOW, Deceased,

       Plaintiff,                   Case No: 1:25-cv-10455

v.                                Hon. Thomas L. Ludington

FOOTPRINT ACQUISITION, LLC, an      Mag. Judge Patricia T. Morris
Illinois limited liability company, and
THE TRAVELERS INDEMNITY COMPANY
OF CONNECTICUT, a Connecticut
domiciled insurance company,

       Defendants.

_____

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS PURSUANT TO FED R. CIV. P. (12)(B)(1) AND (6)**

Plaintiff ABIGAIL COSLOW, as Personal Representative of the Estate of

KANDY COSLOW, Deceased, hereby responds in opposition to Defendants'

Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Plaintiff relies on

the facts, legal authorities and arguments in the below Brief in Support of Plaintiff's

Response in Opposition to Defendants' Motion to Dismiss pursuant to Fed R. Civ.

P. (12)(b)(1) and (6).

WHEREFORE, for all the below-stated reasons, Plaintiff respectfully request that this Honorable Court enter an order denying Defendants' Motion to Dismiss in its entirety and grant such other relief that this Court deems appropriate, just, and equitable, including costs and attorney fees.

Respectfully submitted,

**YOUNG INSURANCE LAW**

*/s/ Douglas Young*
Douglas Young
Attorney for Plaintiff
117 W. 4th Street, Suite 201
Royal Oak, MI  48067
(313) 983-1235
P43808
dyoung@younginsurancelaw.com

Dated:  May 9, 2025

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ABIGAIL COSLOW, as Personal
Representative of the Estate of KANDY
COSLOW, Deceased,

      Plaintiff,

v.

FOOTPRINT ACQUISITION, LLC, an
Illinois limited liability company, and
THE TRAVELERS INDEMNITY COMPANY
OF CONNECTICUT, a Connecticut
domiciled insurance company,

      Defendants.

Case No:  1:25-cv-10455

Hon. Thomas L. Ludington

Mag. Judge Patricia T. Morris

_____

**PLAINTIFF'S BRIEF IN SUPPORT OF HER RESPONSE
IN OPPOSITION TO DEFENDANTS' MOTION TO
DISMISS PURSUANT TO FED R. CIV. P. (12)(B)(1) AND (6)**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES   …………………………………………………ii

CONCISE STATEMENT OF THE ISSUE PRESENTED ....................................iv

CONTROLLING OR MOST APPROPRIATE AUTHORITY ...............................v

INTRODUCTION.....................................................................................................1

STATEMENT OF FACTS.........................................................................................3

STANDARD OF REVIEW .......................................................................................7

LAW AND ARGUMENT .........................................................................................9

  A. Plaintiff's Declaratory Judgment Complaint Is Not An Improper
     Collateral Attack On The State Court's Orders In The Underlying Action…9
  B. This Declaratory Judgment Action Should Be Not Be Dismissed Because
     Coslow Has Standing To Assert It.…………………………………………… 15
   1. Coslow's Declaratory Judgment Action Is In No Way A
      Prohibited Direct Action Under Michigan Law……………………….. 16
   2. Coslow Has Never Claimed To Be An 'Insured' Under
      The Travelers Policy Issued to Footprint……………………………… 19

   3. This Issue of Insurance Coverage is Ripe for Review…………………. 21

RELIEF ................................................................................................................ 23

i

# TABLE OF AUTHORITIES

## Cases

*16630 Southfield Ltd. v. Flagstar Bank, F.S.B*., 727 F.3d 502, 503
(6th Cir. 2013)……………………………………………………………………….8
*Adair v. State,* 470 Mich. 105 N.W.2d 386 (2004)..................................................11
*Allstate Ins. Co. v. Hayes,* 442 Mich. 56, 71-73, 499 N.W.2d 743, 750-51
(1993)……………………………………………………………………………..18
*Arnett v. Myers,* 281 F.3d 552, 562 (6th Cir. 2002)……………………………….15
*Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868
(2009)……..…………………………………………….…………………………8
*Auto-Owners Ins. Co. v. Keizer-Morris, Inc.,* 284 Mich. App. 610, 614–15,
773 N.W.2d 267, 270 (2009)………………………………………………….20, 21
*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955,
167 L.Ed.2d 929 (2007)..…………………………………………………………..8
*Bigelow v. Michigan Dep't of Nat. Res.,* 970 F.2d 154, 157 (6th Cir. 1992)……… 21
*Friends of Tims Ford v. Tenn. Valley Auth.,* 585 F.3d 955, 971 (6th Cir. 2009)…..14
*Hewitt v. Helms,* 482 U.S. 755, 761 (1987))………………………………………….14
*Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008)..………………….….…..8
*Maryland Cas. Co. v. Pac. Coal & Oil Co*., 312 U.S. 270, 273 (1941) ……… 14, 16
*Moir v. Greater Cleveland Regional Transit Authority,* 895 F.2d 266, 269
(6th Cir. 1990)……………………………………………………………………..7
*Muskrat v. United States*, 219 U.S. 346, 362, 31 S.Ct. 250, 55 L.Ed. 246
(1911)…..………………………………………………………………………….15
*Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir.1990)……….7
*Republic Bldg. Co., Inc. v. Charter Twp. of Clinton, Michigan,* 81 F.4th 662,
666 (6th Cir. 2023)…………………………………………………………………10
*Riley v. Gen. Motors, LLC,* 591 F. Supp. 3d 259, 266 (S.D. Ohio 2022)………….7
*Saginaw County v. STAT Emergency Med. Servs. Inc.,* 946 F.3d 951, 954
(6th Cir. 2020)……………………………………………………………… 14, 15
*Scott v. State Farm Fire & Cas. Co.*, No. CIV. 13-13287, 2014 WL 3054651
(E.D. Mich. July 7, 2014)………………………………………………………..16

## Statutes

M.C.L. § 500.3006 ........................................................................................ …..14
M.C.L. § 500.3030 ........................................................................................ …..16

## Rules

Fed. R. Civ. P. 12 ..................................................................................................7, 8

## <u>CONCISE STATEMENT OF THE ISSUES PRESENTED</u>

(1)  Whether this lawsuit is an improper collateral attack on the Michigan state court's ruling in an underlying liability action.

Plaintiff answers: No.

Defendants' answer: Yes.

(2)  Whether Plaintiff lacks standing because this lawsuit is an improper direct action against Travelers and because Decedent Coslow has never been an insured or an intended third-party beneficiary under the insurance policy issued by Travelers.

Plaintiff answers: No.

Defendants' answer: Yes.

(3)  Whether Plaintiff lacks standing because the issue in this lawsuit is not ripe given that the primary insurance policy has not been exhausted and there has been no determination of liability in the underlying action.

Plaintiff answers: No.

Defendants' answer: Yes.

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**
## **FOR THE RELIEF SOUGHT**

*Allstate Ins. Co. v. Hayes,* 442 Mich. 56, 71-73, 499 N.W.2d 743, 750-51(1993).
*Auto-Owners Ins. Co. v. Keizer-Morris, Inc.,* 284 Mich. App. 610, 614–15,
   773 N.W.2d 267, 270 (2009).
*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955,
   167 L.Ed.2d 929 (2007).
*Lambert v. Hartman,* 517 F.3d 433, 439 (6th Cir. 2008).
*Maryland Cas. Co. v. Pac. Coal & Oil Co.,* 312 U.S. 270, 273 (1941).

## INTRODUCTION

Dismissal of this declaratory judgment action brought by Plaintiff Abigail Coslow, as Personal Representative of the Estate of Kandy Coslow, Deceased (collectively "Coslow") against Defendants Footprint Acquisition, LLC ("Footprint") and The Travelers Indemnity Company of Connecticut ("Travelers") (collectively, "Defendants") is improper, unjust and not required by Fed. R. Civ. P. 12(b)(1) and (6).

This action merely seeks to answer the simple question of whether the Travelers' non-owned automobile insurance coverage contained in the insurance policy that it issued to Footprint applies to the fatal motor vehicle accident (the "Underlying Action"). Neither Travelers nor Footprint are parties to the Underlying Action and that action will not answer the insurance coverage question. Despite Defendants' protestations to the contrary, Coslow does not seek to collateral attack any ruling in the Underlying Action.

Regardless of whether the Complaint in the Underlying Action was denied amendment, this insurance coverage question remains. It will never be addressed in the Underlying Action. The fact that Terressa Carson was operating her husband Edwin Carson's automobile in the course and scope of her employment with Footprint has been established in the Underlying Action. Now, the question for this Court is whether Carson was using her husband's personal automobile in the

1

business of Footprint at the time of the crash implicating the Travelers' insurance policy. This question must be answered regardless of whether Footprint is a defendant in the Underlying Action.

Additionally, dismissal is inappropriate as Coslow has standing as it relates to this insurance coverage question. Coslow is a claimant under the Travelers insurance policy issued to Footprint. Travelers' insurance policy provides non-owned automobile insurance coverage policy to Footprint's employees. Coslow is not pursuing a direct action against Travelers seeking damages for the Carsons' liability. Finally, the issue of Travelers' excess limits of liability and duty to defend are ripe for this Court's determination.

Presently, the Carsons are being defended by their personal automobile insurer Home-Owners Insurance Company ("Auto-Owners") in the Underlying Action under their Personal Auto Policy, No. 47-343-864-00, and Claim No. 300-0401700-2021. (ECF No. 1, Complaint, ¶ 13, PageID.4). Auto-Owners has offered to pay its full policy limit of $510,000 to resolve the Underlying Action. See **Exhibit A**. Coslow cannot accept Auto-Owners' offer on behalf of the Carsons without a determination of the full extent of insurance coverage available to the Carsons and the applicability of the Travelers policy. The Travelers policy states that it is excess over the underlying personal automobile coverage of Auto-Owners.[1]

---

[1] **5. Other Insurance.** For any covered "auto" you [Footprint] own, this Coverage

The Underlying Action cannot be resolved without this coverage determination taking place.

As such, and as set forth more specifically herein, this declaratory judgment action should not be dismissed and Travelers and Footprint should answer the simple questions that have been presented.

## STATEMENT OF FACTS

The Complaint filed in the Underlying Action (the "Underlying Complaint") alleges that, on August 2, 2021, Terressa Carson ("Terressa") was negligently operating a motor vehicle in Surrey Township, Michigan, when she was involved in a fatal motor vehicle accident which killed Kandy Coslow. (ECF No. 1, Complaint, ¶¶ 11-12, PageID.3).

On January 16, 2024, Kandy Coslow's daughter sued Terressa and Terressa's husband Edwin Carson (as the owner of the motor vehicle Terressa was driving) for negligence in Clare County Circuit Court. *Coslow v. Carson*, Case No. 24-900009-NI ("Underlying Action") (ECF No. 1, Ex. D, Underlying Complaint, PageID.94-99). Auto-Owners is defending the Carsons in the Underlying Action under the Carsons' Personal Auto Policy. (Underlying Complaint, ¶¶ 13, 17-18 PageID.4-5). Footprint is not a defendant in the Underlying Action, nor does it have

---

Form provides primary insurance. <u>For any covered "auto" you [Footprint] don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance</u>. . . . (ECF No. 1, Complaint, ¶ 23, PageID.9). (emphasis added).

to be for its Travelers non-owned automobile insurance coverage to be implicated. The Travelers policy indicates that the Carsons are "Insureds" while using a covered auto that is not owned by Footprint while used in the business or personal affairs of Footprint.[2]

Defendants make great protestations about the denial of the amendment of the Complaint in the Underlying Action even though that denial has nothing to insurance coverage declaration being sought in this case. That denial merely precludes Coslow from filing a direct action against Footprint. It does not preclude any action to determine whether the Carsons, as insureds under the Travelers policy, are entitled to both defense and indemnity after exhaustion of the Auto-Owners' personal auto policy.

The Coslow claim is no surprise to Travelers or Footprint. Travelers was put on notice of Coslow's claim by Coslow's counsel on September 28, 2021, less than 2 months after the accident. (ECF No. 1, Complaint, Exhibit C, PageID.82). Since December 1, 2021, Travelers' adjuster acknowledged this claim and established this matter as Travelers Claim No. FRW7456. *Id.* at PageID.86. As of January 14, 2022,

---

[2] **D. EMPLOYEES AS INSURED.** The following is added to Paragraph **A.1., Who Is An Insured, of SECTION** II - **COVERED AUTOS LIABILITY COVERAGE:** <u>Any "employee" of yours is an "insured" while using a covered "auto" you don't own,</u> hire or borrow <u>in your business or your personal affairs</u>. (ECF No. 1, Complaint, ¶ 23, PageID.10). (emphasis added).

4

Travelers' adjuster was sending emails to Coslow's attorney seeking a settlement

demand and acknowledging that the Travelers policy applied to this auto accident:

\* \* \* \*

**CONFIDENTIAL SETTLEMENT COMMUNICATION**
**PROTECTED BY FRE 408/STATE EQUIVALENT**

Good morning, Alex [Plaintiff's counsel]:

I have been informed this morning that attorney Sean Freel (included as
a cc) has been retained by Auto Owners as prelitigation counsel for
Terressa Carson in connection with this matter. I defer to Mr. Freel as to
whether he is at liberty to disclose the amount of the Auto Owners
personal auto liability limits that are primary to the Travelers/Footprint
Acquisition general liability limits. However, I would request that you
please prepare a demand packet on behalf of Ms. Coslow's Estate and
provide it to Auto Owners, with a cc to Travelers, for consideration in
connection with the negotiation of a prelitigation resolution of this matter.

I am providing Mr. Freel with a copy of the autopsy report and the police
report, but any additional information relevant to the claim would be
helpful for review.

\* \* \* \*

*Id.* at PageID.91-92. (emphasis added).

Additionally, at that time, Travelers adjuster was in contact with the defense

attorney appointed by Auto-Owners to defend the Carsons in the Underlying Action.

*Id.* Discovery in this case will reveal the full extent of Footprint's and Travelers'

knowledge of the both the accident and claim and also their complicity in attempting

to 'hide in the weeds' to the ultimate detriment of their employee and insured who

has been sued in the Underlying Action.

5

This declaratory judgment action was not initiated by Coslow because of the denial of the amendment of her Complaint in the Underlying Action. It was necessitated because the Carsons' counsel in the Underlying Action indicated that there was only $510,000 from the Auto-Owners personal auto policy available to resolve this matter at mediation. This elicited the expected response of "what about Travelers?" At that point, Carsons' counsel feigned ignorance of the Travelers policy and its coverage position with regard to this accident. That is what brought about this declaratory judgment action and why this Court must determine the applicability of the Travelers policy to this accident and the duties Travelers owes to the Carsons as insureds under that policy. Questions for this Court that will not be decided in the Underlying Action include:

(1) Whether the 2010 Chrysler minivan owned by Edwin Carson, which Terressa was operating at the time of the accident, was a "covered auto" under the Travelers Policy (ECF No. 1, Complaint, ¶ 26 PageID.6);

(2) Whether Terressa Carson was an employee of Footprint and was operating the minivan "in the business and personal affairs" of Footprint (ECF No. 1, Complaint, ¶¶ 28-29 PageID.11);

(3) Whether the Carsons are "insureds" under Travelers business auto liability policy coverage in the Policy" (*Id.* at ¶ 30 PageID.11); and

(4)     Whether Travelers owes both defense and indemnity to the Carsons for damages associated with the Underlying Action (*Id*. at ¶ 33 PageID.11).

## STANDARD OF REVIEW

A motion filed under Fed. R. Civ. P. 12(b)(1) challenges a federal court's subject matter jurisdiction over the action. When subject matter jurisdiction is challenged under Fed. R. Civ. P. 12(b)(1), the party asserting jurisdiction has the burden of proving jurisdiction. *See Moir v. Greater Cleveland Regional Transit Authority,* 895 F.2d 266, 269 (6th Cir. 1990). The Sixth Circuit applies different standards to a 12(b)(1) motion depending upon whether the movant makes a facial or a factual attack. *See Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir.1990).

If the motion is a facial attack, *i.e.,* if it challenges the sufficiency of the pleading itself, the Court must use the legal standard applied to motions under Fed. R. Civ. P. 12(b)(6). *See Ohio Nat'l Life Ins. Co.,* 922 F.2d at 325. On the other hand, if the motion is a factual attack, i.e., if it challenges the factual existence of subject matter jurisdiction, the Court is free to weigh the evidence to determine whether it has subject matter jurisdiction.

A facial attack under Fed. R. Civ. P. 12(b)(1) on subject matter jurisdiction is reviewed under the same standard as a 12(b)(6) motion to dismiss. *Riley v. Gen. Motors, LLC*, 591 F. Supp. 3d 259, 266 (S.D. Ohio 2022) (citing *Ohio Nat'l Life Ins.*

7

*v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). Under Rule 12(b)(6), a pleading fails to state a claim if it does not contain allegations supporting recovery under any recognizable theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

In considering a Rule 12(b)(6) motion, the court construes the pleading in the nonmovant's favor and accepts its factual allegations as true. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). Nonmovants need not provide "detailed factual allegations" to survive dismissal, but they must provide "more than labels and conclusions[ ] and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

The pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," but the court need not accept the complaint's legal conclusions as true. *Iqbal*, 556 U.S. at 678–79, 129 S.Ct. 1937 (quotations and citation omitted). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678, 129 S.Ct. 1937; *see also 16630 Southfield Ltd. v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) ("The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing

8

explanations for the defendant's conduct.").

## **LAW AND ARGUMENT**

### A. **Plaintiff's Declaratory Judgment Complaint Is Not An Improper Collateral Attack On The State Court's Orders In The Underlying Action.**

Plaintiff's Complaint is in no way an impermissible collateral attack on the court's ruling in the Underlying Action and must be allowed to proceed. Footprint is not a necessary party to the Underlying Action, except in the instance where Coslow would seek damages in excess of the insurance coverage to the Carsons. If Coslow wishes to pursue a direct negligence or respondeat superior action against Footprint, the state appellate court is the proper avenue for challenging the trial court's rulings in the Underlying Action. Here, those rulings are irrelevant to the case at hand.

Contrary to Defendants' assertions, Coslow merely wants to determine if the Carsons qualify as 'insureds' under the Travelers policy issued to her employer Footprint. That doesn't seem like much to ask in a case involving a death and determining the amount of insurance coverage available to the defendants in that wrongful death action. Particularly, in a case in which Travelers established a claim file years ago and in which it has had contact with the Carsons' defense counsel being provided by Auto-Owners. One might easily presume that some of the first questions asked by the Travelers adjuster to the Carsons were: (1) who are you employed by?; (2) were you doing the business of Footprint at the time of the crash?;

(3) Do you have personal auto insurance? Further, it is easy to imagine that Travelers has written to the Carsons, Footprint and Auto-Owners advising of its insurance coverage position. Discovery in this declaratory judgment action will enlighten all of us as to these communications.

"A collateral attack is an attack on a judgment in a proceeding other than on a direct appeal." *Republic Bldg. Co., Inc. v. Charter Twp. of Clinton*, Michigan, 81 F.4th 662, 666 (6th Cir. 2023). Here, Coslow does not in any way seek to collaterally attack or overrule the trial court's denial of amendment of the underlying Complaint. The trial did not rule that Terressa Carson was not in the course and scope of her employment at the time of the accident. It merely ruled that Coslow could not amend her pleadings in that action to assert that fact. The trial did rule that Footprint could not be added to that case as a defendant. It did not rule that the Carsons are not insureds under the Travelers policy issued to Terressa Carson's employer Footprint. Most importantly, neither Footprint or Travelers are parties to the Underlying Action.

A "dismissal of a collateral attack is more in the nature of res judicata" and thus a court should consider "the rules of res judicata in the forum that decided the first case" when determining whether an action amounts to an impermissible collateral attack. *Id*. at 667. Under Michigan law, *res judicata* is a doctrine that bars a subsequent action when (1) the prior action was decided on the merits and resulted

in a final order, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first action. *Adair v. State*, 470 Mich. 105, 121, 680 N.W.2d 386 (2004).

Here, the Court has not decided any of the issues present in this case. Further, the Underlying Action does not involve Footprint or Travelers. Coslow seeks to determine whether Carsons' rights under the Travelers policy have been triggered. The Carsons rights as 'Insureds' are independent of Footprint's rights as the 'Named Insured' under the Travelers policy. Thus, the Carsons cannot be privies for Footprint or Travelers in the Underlying Action. Strangely, Defendants cite *Adair (at* 470 Mich. at 121) for the proposition that res judicata should be applied broadly as a doctrine, holding that "…it bars not only claims already litigated, but ***every claim arising from the same transaction*** that the parties, ***exercising reasonable diligence***, could have raised but did not." (Emphasis added by Defendants). Such a broad application would seemingly bar all insurance declaratory judgment actions because they usually arise from an underlying claim or accident. This cannot be true because Michigan only prohibits direct actions against insurance companies in the liability claims against their insureds.

Defendants also falsely assert that the issue of whether Terressa was acting in the course and scope of her employment for Footprint has somehow been decided in the Underlying Action. That is not the case. Coslow was merely precluded from

11

amending her Complaint to allege that fact. In reality, in the Underlying Action,

Terressa Carson has admitted that she was in the course and scope of her

employment with Footprint at the time of the crash:

* * * *

**Request for Admission No. 7:** Please admit that Defendant TERRESSA CARSON was in the course and scope of their employment with at the time of the incident alleged in Plaintiff's Complaint.

ANSWER: Please see objections above incorporated herein by reference. Defendant further objects for the reason request #7 is grammatically ambiguous and subject to more than one reasonable interpretation as worded because of the word "their." Defendant further objects to lack of foundation. Without waiving any argument or objection, neither admitted nor denied for lack of knowledge of the legal conclusion sought. In the good faith spirit of discovery, **defendant TERRESSA CARSON was driving to work at the Dollar General** located at 2400 W Cadillac Dr, Farwell MI 48622 when the accident occurred.

* * * *

(ECF No. 1, Complaint, Exhibit E, PageID.109). (emphasis added).

Further, Terressa Carson has admitted in her deposition that, at the time of the

crash, she was driving between two Dollar General stores during her workday as a

part of her employment for Footprint:

* * * *

Q.     . . . Let me ask you at the time of this incident, were you working?

A.     I had left one store and was traveling to another store.

12

\* \* \* \*

Q. Okay. And were you traveling to there from another Dollar General or from somewhere else?

A. Correct. The Dollar General in Clare, I was traveling from there to the Dollar General in Farwell.

Q. Had you already started work that morning?

A. Yes.

\* \* \* \*

(ECF No. 1, Complaint, Exhibit E, PageID.109). (emphasis added).

Coslow in this declaratory judgment action seeks to apply those facts to the Travelers insurance policy. She does not seek to re-litigate anything from the Underlying Action. Unlike the Underlying Action, Coslow is not seeking monetary damages in this case. She is just seeking answers to whether the Travelers policy provides liability insurance coverage to the Carsons for the crash being litigated in the Underlying Action.

Coslow is not collaterally estopped from determining whether the Travelers policy applies to the underlying accident. Coslow does not seek to re-litigate anything. She seeks to have this Court declare whether the Travelers policy is applicable to the underlying crash. That is precisely the purpose of the declaratory judgment act.

When a party sues for declaratory relief, they "must satisfy the prerequisites

13

of the Declaratory Judgment Act and Article III's standing baseline." *Saginaw County v. STAT Emergency Med. Servs. Inc.*, 946 F.3d 951, 954 (6th Cir. 2020). In particular, they must show "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id*.; see *Friends of Tims Ford v. Tenn. Valley Auth*., 585 F.3d 955, 971 (6th Cir. 2009) (explaining that a declaratory judgment must "affect[] the behavior of the defendant towards the plaintiff" (quoting *Hewitt v. Helms,* 482 U.S. 755, 761 (1987)). The difference between an abstract question and a controversy suitable for judgment is largely a one of degree. *Maryland Cas. Co. v. Pac. Coal & Oil Co*., 312 U.S. 270, 273 (1941).

In *Maryland Casualty*, the insurer sued its insured and the injured party for a declaratory judgment that it had no duty to defend or indemnify the insured for the injured party's pending lawsuit in state court. *Id.* at 271–72. The Court held that a "substantial controversy" of "sufficient immediacy and reality" existed under the Declaratory Judgment Act. *Id.* at 273. Like *Maryland Casualty* (Ohio law), Michigan would allow Coslow to file a garnishment action under M.C.L. § 500.3006 against Travelers after achieving a Judgment in the Underlying Action. Thus, this declaratory judgment will avoid that later action. It is more judicially economical to determine whether the Travelers policy applies now, while settlement negotiations are proceeding than to await a trial and judgment in the Underlying Action.

14

Moreover, this declaratory judgment action may avoid later claims that Travelers breached its duties owed to the Carsons in its bad faith refusal to settle the Underlying Action where liability is clear and the damages greatly exceed the combined Auto-Owners and Travelers policy limits of $1,510,000.

This Court should not dismiss Coslow's declaratory judgment action against Footprint and Travelers and should allow it to proceed.  This action is necessary to answer the question of whether the Travelers' non-owned automobile insurance coverage contained in the insurance policy that it issued to Footprint applies to the fatal motor vehicle accident of  Underlying Action.

### B. This Declaratory Judgment Action Should Be Not Be Dismissed Because Coslow Has Standing To Assert It.

The U.S. Constitution limits the jurisdiction of federal courts to "cases" and "controversies." U.S. Const. art. III, § 2. Federal courts cannot issue advisory opinions. *Arnett v. Myers*, 281 F.3d 552, 562 (6th Cir. 2002). Article III's case-or-controversy requirement allows federal courts to resolve concrete disputes, but prohibits them from passing "judgments on theoretical disputes that may or may not materialize." *STAT Emergency*, 946 F.3d at 954.   The Declaratory Judgment Act "does not alter these rules or otherwise enable federal courts to deliver 'an expression of opinion' about the validity of laws." Id. (quoting *Muskrat v. United States*, 219 U.S. 346, 362, 31 S.Ct. 250, 55 L.Ed. 246 (1911)). The Declaratory Judgment Act offers only an "alternative remedy—a declaratory judgment—for existing cases or

controversies." *Id.*  The difference between an abstract question and a controversy

suitable for judgment is largely a one of degree. *Maryland Casualty*, 312 U.S. 273.

In this case, this dispute is in no way theoretical.  This dispute is very concrete

and simply whether the Travelers' non-owned automobile insurance coverage issued

to Footprint applies to its employee Terressa Carson, as the driver, and her husband

Edwin Carson, as the owner, of the automobile that struck and killed Coslow.  As

discussed more fully below, Coslow has standing to bring this action against

Travelers because it is in no way a "direct action" against an insurer is ripe for

consideration by this Court.

### 1. Coslow's Declaratory Judgment Action Is In No Way A Prohibited Direct Action Under Michigan Law.

M.C.L. § 500.3030 provides:

> In the <u>original action </u>brought by the injured person . . . <u>the insurer</u> <u>shall not be made or joined as a party defendant</u>, <u>nor</u>, except as otherwise provided by law, <u>shall any reference whatever be made</u> <u>to such insurer or to the question of carrying of such insurance</u> <u>during the course of trial</u>.

(emphasis added).

In this context, the "original action" is the Underlying Action and not the

Declaratory Judgment Action.  This district has previously found in *Scott v. State*

*Farm Fire & Cas. Co.*, No. CIV. 13-13287, 2014 WL 3054651, at *2–3 (E.D. Mich.

July 7, 2014) that:

16

Mich. Comp. Laws § 500.3030 . . . Michigan's Insurance Code does not define the term "original action" and this Court could not find a single federal or state court case providing a definition. The term, however, is plainly used by the courts to refer to the lawsuit filed by an injured party to determine the liability of the alleged tortfeasor, not an ancillary lawsuit to decide coverage issues involving the alleged tortfeasor's insurer. This makes logical sense, as the intent of the legislature in enacting section 500.3030 was to avoid prejudice caused by the jury's awareness that the defendant/alleged tortfeasor is insured. *See Lieberthal v. Glens Falls Indem. Co. of Glens Falls, N.Y.,* 316 Mich. 37, 24 N.W.2d 547, 549 (Mich. 1946) ("The public policy sought to be sustained in this State by the statute and judicial decisions is that a plaintiff shall not be permitted to inject into his suit the element of insurance and thereby obtain an excessive and unjust verdict."); *see also id.* at 552 (Butzel, C.J., dissenting) ("The reason for the rule is set forth in *Holman v. Cole,* 242 Mich. 402, 218 N.W. 795, 796 (1928), as follows: 'It is a fact of which we cannot but take judicial notice that, in cases where jurors obtain information that the damages as fixed by them will be paid by insurance companies, the amount thereof is usually greatly enhanced.' ").

Further supporting the Court's interpretation is its finding that an "original action" is equivalent to the "direct action" referenced in the federal diversity jurisdiction statute, 28 U.S.C. § 1332. Section 1332(c)(1) provides in part that "in any direct action against the insurer of a policy or a contract of liability insurance . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen." 28 U.S.C. § 1332(c)(1).

\* \* \* \*

Federal courts in Michigan have defined the term "direct action" in § 1332(c)(1) to mean cases "where the plaintiff is suing the tortfeasor's insurer, rather than suing the tortfeasor directly, *on the issue of liability."* *Estate of Monahan,* 75 F. App'x at 343 (emphasis added); *see also Peterson,* 211 F.Supp.2d at 1015 (citing cases in which "[c]ourts have consistently interpreted "direct action" to include only tort actions brought by third parties against the insurer-as a substitute for the insured tortfeasor"); *Reed v. Indiana Ins. Co.,* No. 10–13247, 2010 WL 6778868, at \*3 (E.D. Mich. Dec.23, 2010) (Majzoub, M.J.), report and

17

recommendation adopted in 2011 WL 2292206 (E.D. Mich. Feb.16, 2012) (Roberts, J.) (concluding that the plaintiff's complaint against the tortfeasor's insurer for declaratory relief as to coverage was not a direct action under § 1332(c)(1)).

* * * *

(Underlining added; Italics in original).

Under Michigan law, Coslow is not a stranger to Travelers insurance policy insuring the Carsons and may bring a declaratory judgment action to determine her rights as a claimant under that insurance policy.  In *Allstate Ins. Co. v. Hayes,* 442 Mich. 56, 71-73, 499 N.W.2d 743, 750–51 (1993), the Michigan Supreme Court stated:

* * * *

. . . in *Federal Kemper Ins. Co. v. Rauscher,* 807 F.2d 345 (CA 3, 1986), the court granted the insurer's motion for summary disposition following the default of the insured, holding that the injured party's rights were purely derivative of the insured's. Once the insured defaulted, the injured party had no standing to contest the coverage issue. The court of appeals reversed. Characterizing the appeal as one centering on the existence of the case or controversy required of all exercises of judicial authority, the court noted that if the rights of the injured party are purely derivative of the insured's, then the judgment against the insured must result in a judgment against the injured party. If, however, the injured party has rights independent of the insured that are adverse to the insurer, then an actual controversy exists and, consequently, the injured party would have standing to continue to litigate the coverage question even after the insured's default. Noting that in *Maryland Casualty Co., supra,* an actual controversy was held to exist between the insurer and the injured party the court concluded:

18

[I]t would be anomalous to hold that while an actual controversy existed between an insurance company and an injured party, an injured party could be denied the right to actually participate in the controversy.... "Appellee [the insurance company] voluntarily brought the appellant [the injured party] into this litigation as a party defendant." As a proper party to the action [the injured party] "should be heard to assert any proper defense raised by his answer to the complaint." . . . <u>In terms of fairness, the injured party should be able to present its case upon the ultimate issues, even if the insured does not choose to participate</u>. [*Rauscher* at 352–353, 355, quoting *Schulte* at 177 (citations omitted).](Footnote omitted).

<u>Thus, even where the dispute between an insurer and an insured has become moot by virtue of the insured's default or refusal to contest the coverage provisions, the actual controversy between the insurer and the injured party remains viable. "Once jurisdiction is successfully invoked, subsequent events are of no importance and cannot divest the court of its jurisdiction</u>." 20 Appleman, Insurance Law & Practice, § 11334, p. 259. See also *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *United States Fidelity & Guaranty Co. v. Millers Mut. Fire Ins. Co.,* 396 F.2d 569 (CA 8, 1968). (Footnote omitted).

## 2. Coslow Has Never Claimed To Be An 'Insured' Under The Travelers Policy Issued to Footprint.

In this section of their brief, Defendants attempt an act of misdirection that would make magician David Copperfield proud. Defendants assert that Coslow lacks standing for the reason that she was not, and is not, an 'insured' under the Travelers Policy. Thus, she "has no right to enforce the contract via this action." (ECF No. 9, Defendants' Brief, PageID.169). However, Coslow is not seeking to enforce this insurance contract nor sue Travelers for breach of contract. At present, absent an assignment of rights, these right belong only to the Carsons and Footprint. Although,

19

the Carsons may someday wish to assign those rights to Coslow in yet to be held settlement discussions.

Coslow does not claim to be a third-party beneficiary to the Travelers policy. She is simply a claimant.    She is not seeking to enforce the Travelers insurance contract, nor is she claiming that Travelers has made any promises to her.  Travelers' promises have only been made to Footprint and the Carsons.  Like the situations above where the insured is not contesting coverage (through default or otherwise), the claimant has standing to seek a declaration of the rights of the insureds and obligations of the insurer under the insurance policy.

In *Auto-Owners Ins. Co. v. Keizer-Morris, Inc.*, 284 Mich. App. 610, 614–15, 773 N.W.2d 267, 270 (2009), Gary Hayward was injured by the explosion of equipment manufactured and sold by Keizer–Morris to Hayward's employer.  Auto-Owners insured Keizer–Morris and filed a declaratory judgment action against it asserting that there was no coverage for Hayward's claims and denying defense and indemnity to Keizer–Morris for Hayward's lawsuit.   Hayward sought to intervene in the Auto-Owners' lawsuit because Keizer–Morris was dissolved or defunct and would not be contesting this declaratory judgment action.  The Michigan Court of Appeals then stated:

> Our Supreme Court stated that "the fact that the injured party is not a third-party beneficiary of the insurance contract is not determinative of his 'standing' to continue the action for a declaration of his rights as a conceded real party in interest." [*Allstate Ins. Co. v. Hayes,* 442 Mich. 56,

63, 499 N.W.2d 743 (1993)]. Instead, "the injured party in an insurer's action for declaratory judgment is a proper party to that action." *Id.* at 67, 499 N.W.2d 743. The *Allstate* Court clearly recognized the injured person as having a substantial interest in the case. We do not read its pronouncement as a statement that an injured person's rights depend on whether it was the insurer, as opposed to the injured person himself, who endeavored to get that person into the case. It is but a minor extension of *Allstate* to recognize the standing of an injured person to intervene in a declaratory action concerning insurance coverage for the alleged tortfeasor.

*Auto-Owners Ins. Co. v. Keizer-Morris, Inc.*, 284 Mich. App. 610, 614–15, 773 N.W.2d 267, 270 (2009). (emphasis added).

Accordingly, Coslow has no direct rights owed under the Travelers Policy as a third-party beneficiary or as an incidental beneficiary.  However, it is clear that she is an interested party with standing to assert a declaratory judgment action to determine the Carsons' rights as 'Insureds' under the Travelers non-owned auto coverage issued to Terressa Carson's employer Footprint.

### 3.    The issue of insurance coverage is ripe for review.

This action is not subject to dismissal because it ripe for review at this time. For there to be a case and controversy, an issue must be ripe. *Bigelow v. Michigan Dep't of Nat. Res*., 970 F.2d 154, 157 (6th Cir. 1992).   Coslow seeks a declaration that Travelers must defend and indemnify the Carsons in the Underlying Action. Travelers argues that this issue is not ripe and there is no present duty of Travelers to defend or to indemnify the Carsons because they are presently being defended by their personal auto insurer Auto-Owners.    However, Auto-Owners has in effect conceded that its policy limit is exhausted by Coslow's claims.  Auto-Owners, on

21

behalf of the Carsons, has filed an Offer of Judgment in the Underlying Action for
its full $510,000 limit of liability.  See **Exhibit A**.

Coslow cannot accept that Offer of Judgment without knowledge of whether
the Travelers policy provides excess insurance coverage to the Carsons for this
accident.  Travelers and Footprint remain strangely silent with regard to this most
salient issue.  Travelers could assume the defense of the Carsons and allow Auto-
Owners to tender its policy limit into the trial court in the Underlying Action and
allow the action to proceed to trial.  Instead, they chose to file this motion to dismiss
in the hopes that they can avoid the simple insurance coverage questions that are to
be answered in the Complaint for Declaratory Judgment:

* * * *

28.	At the time of the accident, Terressa Carson was an
employee of Defendant FOOTPRINT ACQUISITION.

29.	At the time of the accident, Terressa Carson was operating
this motor vehicle in the business or personal affairs of Defendant
FOOTPRINT ACQUISITION.

30.	At the time of the accident, Terressa Carson and Edwin
Carson were "insureds" under Defendant Travelers' business auto
liability coverage in the Policy.

31.	Defendant TRAVELERS' Policy provides unlimited
defense and indemnity in the amount of $1,000,000 under the
Policy for "non-owned autos" used by employees in the business
of Defendant FOOTPRINT ACQUISITION.

32.    Defendant TRAVELERS' Policy is excess insurance over the personal auto liability insurance coverage of Terressa and Edwin Carson issued by Auto-Owners.

33.    Defendant TRAVELERS owes both defense and indemnity to Terressa and Edwin Carson for the accident and the Underlying Action.

* * * *

Accordingly, the issue of the availability of insurance coverage under the Travelers Policy for the underlying accident is ripe for adjudication and this Court has jurisdiction over this declaratory judgment action.  It should be allowed to proceed.

## RELIEF

WHEREFORE, for all the above-stated reasons, Plaintiff respectfully request that this Honorable Court enter an order denying Defendants' Motion to Dismiss in its entirety and grant such other relief that this Court deems appropriate, just, and equitable, including costs and attorney fees.

Respectfully submitted,

**YOUNG INSURANCE LAW**

*/s/ Douglas Young*
Douglas Young
Attorney for Plaintiff
117 W. 4th Street, Suite 201
Royal Oak, MI  48067
(313) 983-1235
Dated:  May 9, 2025                         P43808
dyoung@younginsurancelaw.com

23

## CERTIFICATE OF SERVICE

I do hereby certify that on May 9, 2025, I electronically filed the foregoing Response in Opposition to Defendants' Motion to Dismiss, Brief in Support and this Certificate of Service with the Clerk of the Court using the electronic court filing system, which will send notification of such filing to all Counsel of Record.

*/s/ Douglas Young*